IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JUAN CHAVEZ,                          §
    #7036744,                      §
        PETITIONER,          §
                             §
                             §
V.                                    §   CIVIL CASE NO. 3:26-CV-281-B-BK
                             §
SUPERIOR COURT OF LOS ANGELES         §
COUNTY CALIFORNIA,  ET AL.,           §
        RESPONDENTS.         §

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Juan Chavez's complaint,

construed as petition for writ of habeas corpus under 28 U.S.C. § 2241, was referred to the

United States magistrate judge for case management, including the issuance of findings and a

recommended disposition when appropriate.  On October 3, 2025, Chavez, a detainee at the Los

Angeles (LA) County Jail, mailed two pleadings and a motion for leave to proceed *in forma*

*pauperis* to the District of Columbia (DC) court.  Doc. 3; Doc. 4.  The pleadings were eventually

forwarded to this Court and filed on February 3, 2026.  Doc. 3 at 1; Doc. 4 at 1.  As best as the

Court can glean, Chavez challenges his detention at the LA County Jail and seeks release from

confinement.  Doc. 3.  However, Chavez was released from the LA County Jail on November 24,

2025.[1]  Therefore, the issue presented in this case is now moot.

---

[1] *See* Los Angeles County Jail Inmate Information Center (last accessed on Feb. 6, 2026), of
which the Court takes judicial notice.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Chavez's construed habeas petition only seeks release from custody. Doc. 3. Because he has now been released, his petition is moot and should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* FED. R. CIV. P. 12(b)(1).

**SO RECOMMENDED** on February 21, 2026.


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).